UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ELIKA D., on behalf on minor child J.E.J., )<br>       Plaintiff, )<br> )<br>     v. )<br> )<br>ANDREW SAUL, Commissioner of the )<br>Social Security Administration, )<br>       Defendant. ) | CAUSE NO.: 3:18-cv-1006-JVB |

## OPINION AND ORDER

Plaintiff Elika D., on behalf of her minor son JEJ, seeks judicial review of the Social Security Commissioner's decision denying JEJ's disability benefits and asks this Court to remand the case. For the following reasons, this Court remands the Administrative Law Judge's decision.

### PROCEDURAL BACKGROUND

Plaintiff applied for supplemental social security income benefits on behalf of JEJ, a minor child, on February 7, 2013. In March 2013, JEJ was found to be disabled as of February 7, 2013. At a continuing disability review, JEJ was found to be no longer disabled as of July 21, 2016, when he was five years old. Plaintiff and JEJ appeared at a hearing on October 3, 2017, where they were unrepresented. After the hearing, the Administrative Law Judge ("ALJ") found that JEJ suffered from the medically determinable impairments of speech and language impairments and asthma, but that those severe impairments no longer functionally equal the Listings of Impairments. (AR 14-15). This decision became final when the Appeals Council denied Plaintiff's request for review. (AR 1).

### STANDARD OF REVIEW

This Court has authority to review the Commissioner's decision under 42 U.S.C. § 405(g). The Court will ensure that the ALJ built an "accurate and logical bridge" from evidence to

1

conclusion. *Thomas v. Colvin*, 745 F.3d 802, 806 (7th Cir. 2014). This requires the ALJ to "confront the [plaintiff's] evidence" and "explain why it was rejected." *Thomas v. Colvin*, 826 F.3d 953, 961 (7th Cir. 2016). The Court will uphold decisions that apply the correct legal standard and are supported by substantial evidence. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Evidence is substantial if "a reasonable mind might accept [it] as adequate to support [the ALJ's] conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971).

## DISABILITY STANDARD

To be considered disabled, a child must have a "physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(1). To evaluate claims for a child's supplemental security income under the Social Security Act, the Commissioner looks to whether the claimant has a medically determinable severe impairment or combination of impairments that meet, medically equal, or functionally equal the requirements of a listed impairment in 20 C.F.R. Pt. 404, Subpt. P, App. 1. *Id.*; 20 C.F.R. § 416.926a(a). In making a listing determination, an ALJ must analyze the severity of the claimant's impairments using age-appropriate categories. *Id.* To be found disabled, the ALJ must find an "extreme" limitation in one category or a "marked" limitation in two domains. *Id.* For children ages three to six, such as JEJ, an ALJ examines the domains of acquiring and using information, attending and completing tasks, interacting and relating with others, moving about and manipulating objects, caring for oneself, and health and physical well-being. 20 C.F.R. § 416.926a.

Once a claimant is found disabled, his impairments will be periodically evaluated in a continuing disability review by the Social Security Administration to determine whether he is still eligible for benefits. *See* 20 C.F.R. §§ 404.1589, 416.994a. In the continuing disability review, the administration considers whether the claimant has experienced medical improvement since the previous determination. 20 C.F.R. § 404.994(a)(1). If there has been medical improvement, the administration must consider whether the impairments still meet or medically or functionally equal the severity of the appropriate Listing. *Id.* If the impairment no longer meets or equals the Listing under which he was previously found disabled, the administration must consider whether he is disabled under another Listing, as described above.

## ANALYSIS

Plaintiff contends that the ALJ failed to adequately develop a full and fair record given that Plaintiff was unrepresented, and that the ALJ mischaracterized evidence and failed to acknowledge evidence that contradicted his decision.

### A. Waiver of Counsel

Plaintiff appeared at the hearing unrepresented and stated that she wanted to proceed without counsel. Although Plaintiff does not contest the waiver, the Court addresses the circumstances of Plaintiff's *pro se* status because a waiver is only valid if the plaintiff is "given sufficient information to enable [her] to intelligently decide whether to retain counsel or proceed pro se." *Thompson v. Sullivan*, 933 F.2d 581, 584 (7th Cir. 1991) (quoting *Hawwat v. Heckler*, 608 F. Supp. 106, 108 (N.D.Ill.1984)).

At the beginning of the hearing, the following exchange occurred:

[ALJ]: Okay. Now, you have the right to be represented by counsel, or some other representative of your choice. You received that notice in the mail. You want to be represented?

>[Plaintiff]: No, they didn't – they said – they didn't explain that to me right either, so I –
>
>ALJ: All right.
>
>P: – just, yeah.
>
>ALJ: Now, there are attorneys and representatives that will take these cases a lot of times and they don't charge a fee unless successful. And, if you like, I'll give you an opportunity to obtain counsel.
>
>P: No, just going forward today.
>
>ALJ: You want to go ahead?
>
>P: Yes.

(AR 35-36). To ensure a valid waiver of counsel, the ALJ must "explain to the *pro se* claimant (1) the manner in which an attorney can aid in the proceedings, (2) the possibility of free counsel or a contingency arrangement, and (3) the limitation on attorney fees to 25 percent of past due benefits and required court approval of the fees." *Binion v. Shalala*, 13 F.3d 243, 245 (7th Cir. 1994). Although the ALJ mentioned the possibility of a contingency fee arrangement, he did not explain how an attorney could aid the proceedings, or discuss the limitation on attorney fees.[1] The ALJ's failure to do so renders Plaintiff's waiver invalid. *Id*. Further, Plaintiff's testimony indicates that she either did not receive or did not understand the written notice the ALJ was referring to. (AR 36) ("they didn't explain that to me"). Although Plaintiff separately signed a Waiver of Right to Representation, that form did not address any of the issues described above. *See* (AR 138). Accordingly, the Court finds that Plaintiff did not "knowingly and intelligently waive [her] right to counsel." *Thompson*, 933 F.2d at 585; *see also Hiatt v. Saul, No. 3:19-CV-00182*, 2020 WL 1910346, at *4 (N.D. Ind. Apr. 20, 2020) ("The exchange between Mr. Hiatt and the ALJ as well

---

[1] The fact that the law on attorney fees has changed since this standard was adopted does not relieve the ALJ of his obligation to explain it. *Binion*, 13 F. 3d at 245.

4

as the signed waiver form did not rise to the standard required for a valid waiver of representation."). Because Plaintiff's waiver of representation was invalid, the Commissioner, not Plaintiff, carries the burden of showing that the ALJ adequately developed the record, or the case must be remanded. *Id*.; *Binion*, 13 F.3d at 245.

### B.  Full and Fair Record

The ALJ "has a duty to develop a full and fair record" that is enhanced when the claimant is unrepresented. *Nelms v. Astrue*, 553 F.3d 1093, 1098 (7th Cir. 2009). "While a claimant represented by counsel is presumed to have made his best case before the ALJ, no such presumption attaches to an unrepresented claimant." *Skinner v. Astrue,* 478 F.3d 836, 841-42 (7th Cir. 2007) (citing *Sears v. Bowen,* 840 F.2d 394, 402 (7th Cir. 1988)). Accordingly, when someone "proceeds without counsel, an ALJ has a duty to 'probe[ ] the claimant for possible disabilities and uncover[ ] all the relevant evidence.'" *Mallett v. Barnhart*, 81 F. App'x 580, 582 (7th Cir. 2003) (quoting *Binion*, 13 F.3d at 245); see also *Nelson v. Apfel*, 131 F.3d 1228, 1235 (7th Cir. 1997) ("when the claimant is unrepresented by counsel, the ALJ has a duty to 'scrupulously and conscientiously probe into, inquire of, and explore for all relevant facts'") (quoting *Thompson*, 933 F.2d at 585). Some of the factors a court will consider when determining whether an ALJ has developed the record include:

> (1) whether the ALJ obtained all of the claimant's medical and treatment records; (2) whether the ALJ elicited detailed testimony from the claimant at the hearing (probing into relevant areas, including medical evidence on the record, medications, pain, daily activities, the nature of all physical and mental limitations, etc.), and (3) whether the ALJ heard testimony from examining or treating physicians.

*Ferguson v. Barnhart*, 67 Fed. App'x 360, 367 (7th Cir. 2003).

The ALJ failed to obtain a number of records that were relevant to JEJ's condition. Between 2014 and 2016 JEJ attended at least two preschool programs – Oxbow Elementary School, and Open Arms Child Care Preschool Ministries – from which records were not requested. (AR 170, 176). In JEJ's kindergarten Individualized Education Program ("IEP") report from November 2016, it was noted that "[p]rogress reports will be reported quarterly," (AR 238), but those reports are also absent. Although JEJ is alleged to have asthma attacks about once a day (AR 84), and requires help going to the bathroom at school (AR 86), no nursing records from any school are present in the record. The medical records are similarly incomplete. Although Plaintiff alleged JEJ went to the emergency room ten times between March 2016 and March 2017, at Elkhart General Hospital and Goshen Hospital (AR 84), there are no treatment records from Goshen Hospital in the record. Although the records were requested, the request was apparently denied because the requester failed to identify the dates of treatment. (*See* AR 722). With an unrepresented claimant, it was the ALJ's job to "uncover" those records. *Mallett*, 81 F. App'x at 582.

The hearing itself was cursory, lasting only ten minutes, and the ALJ did not fulfill his burden to "elicit[] detailed testimony from the claimant." *Ferguson*, 67 F. App'x at 367. The ALJ did not ask about any pain JEJ was suffering, side effects from the medications he was taking, or his daily activities. Nor did the ALJ follow up on the numerous mental and physical limitations alleged, such as JEJ's difficulties with speech and communication (AR 180-81), his inability to pay attention (AR 184), his reported shortness of breath ten times a day (AR 226), his pneumonia, bronchitis and colds occurring roughly once a month (*Id*.), or his repeated absences from school (*Id*.). Although JEJ himself attended the hearing, the ALJ made no effort to speak to him about his condition, other than asking a single question about the hat he was wearing. *See* (AR 42). The hearing fell well below the standard owed to unrepresented claimants: an ALJ who will

6

"scrupulously and conscientiously probe into, inquire of, and explore for all relevant facts." *Thompson*, 933 F.2d at 585. Remand is required on that basis.

### C. Interpretation of Evidence

Although the case is being remanded for the ALJ's failure to develop the record, the Court briefly addresses some of Plaintiffs' arguments that the ALJ mischaracterized or ignored relevant evidence.

The ALJ found that JEJ has had "no limitations" in the domain of attending and completing tasks. (AR 18.) To support this decision, the ALJ noted that JEJ has not been diagnosed with attention deficit/hyperactivity disorder, does not take any medication for a mental impairment, and does not have an IEP for attention, persistence, or pace problems. (*Id.*) In so finding, the ALJ appeared to "cherry-pick facts that support a finding of non-disability while ignoring evidence that points to a disability finding." *Denton v. Astrue*, 596 F.3d 419, 425 (7th Cir. 2010). For example, while JEJ did not have an IEP specifically addressing attention, persistence, or pace, the IEP he does have includes a psychological evaluation that states JEJ has difficulty with attention and staying on task. (AR 234-35).

The ALJ found that JEJ "was able to get back on task after being redirected," citing JEJ's school records. (AR 18). However, the records cited do not support that conclusion. *See* (AR 232-244). The only discussion of "redirection" relates to JEJ's frustration when other people cannot understand what he is saying. (AR 235). JEJ's kindergarten teacher indicated that JEJ "needs several reminders to stay on tasks." (AR 247). More to the point, the fact that JEJ could be "redirected" to finish a task does not support a conclusion that he has no limitations in completing tasks. The regulations indicate that older infants and toddlers (ages one through three) should be able to "demonstrate sustained attention," 20 C.F.R. § 416.926a(h)(2)(ii), while a preschool aged

7

child such as JEJ (ages three through six) should be able to "focus long enough to do many more things" independently. 20 C.F.R. § 416.926a(h)(2)(iii). The ALJ failed to explain how the ability to complete a task with multiple prompts from an adult is evidence of the ability to pay attention and concentrate independently. *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 618 (7th Cir. 2010) ("An ALJ need not specifically address every piece of evidence, but must provide a 'logical bridge' between the evidence and his conclusions.").

Plaintiff raises additional issues regarding the ALJ's analysis of the other domains. A fully developed record, as well as proper analysis and discussion of the existing evidence, may influence and alter the discussion of the other domains and the ALJ's ultimate decision. Because the ALJ erred in failing to fully and fairly develop the record, remand is appropriate.

## CONCLUSION

Based on the foregoing, the Court hereby **GRANTS** the relief requested in the Brief in Support of Plaintiff's Complaint to Review Decision of Commissioner of Social Security Administration [DE 16] and **REMANDS** the decision of the Commissioner of the Social Security Administration.

SO ORDERED on October 29, 2020.

s/ Joseph S. Van Bokkelen  
JOSEPH S. VAN BOKKELEN, JUDGE  
UNITED STATES DISTRICT COURT